Dear Representative Rice,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
Does Section 178.6 of Title 60 prohibit public trusts fromfinancing housing programs if the programs involve property thatcan, or will be, exempt from ad valorem taxation under Section2887 of Title 68?
¶ 1 You ask to what extent a trust created pursuant to 60 O.S.1991 Supp. 2000, §§ 176 — 180.4 (Trusts for Furtherance of Public Functions, hereinafter "the Trust"), may finance housing and housing programs exempt from ad valorem taxation. The Trust provides for the creation of trusts having the State, counties, municipalities, or any combination thereof as beneficiaries. These trusts may issue obligations to provide funds "for the furtherance and accomplishment of any authorized and proper public function." 60 O.S. Supp. 2000, § 176[60-176](A). Section 178.6 of the Trust specifically provides for housing and housing programs by public trusts. 60 O.S. Supp. 2000, § 178.6[60-178.6]
provides:
 Section 176 et seq. of this title shall not prevent public trusts from administering a housing program pursuant to a contract with an agency of the United States Government or the State of Oklahoma, or prevent public trusts from financing housing programs, provided said programs involve only property that is subject to ad valorem taxation and located within the geographic boundaries of the beneficiary or beneficiaries of the public trust.
 A public trust with a city or cities, a county or counties, or the state as the beneficiary or beneficiaries thereof may issue its evidences of indebtedness for the purpose of financing housing or housing programs within the geographic boundaries of its beneficiary or beneficiaries as same represent an authorized and proper public function for public trusts.
Id. (emphasis added).
¶ 2 Section 2887 of Title 68 provides for exemption of certain properties from ad valorem taxation. Among the properties exempted are those of charitable institutions. Section 2887 provides:
 The following property shall be exempt from ad valorem taxation:
. . . .
 8. All property of any charitable institution organized or chartered under the laws of this state as a nonprofit or charitable institution, provided the net income from such property is used exclusively within this state for charitable purposes. . . .
. . . .
 9. All property used exclusively and directly for charitable purposes within this state, provided the charity using said property does not pay any rent or remuneration to the owner thereof unless the owner is a charitable institution described in Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C., Section 501(c)(3), or a veterans' organization described in Section 501(c)(19) of the Internal Revenue Code, 26 U.S.C., Section 501(c)(19)[.]
Id.
¶ 3 Under the proper circumstances a housing program operated by a charitable entity would be exempt from ad valorem tax. You asked, under what circumstances a program could be financed by a public trust.
¶ 4 The initial objective of statutory construction is to determine the intent of the Legislature. Okla. City NewsBroadcasters Ass'n. v. Nigh, 683 P.2d 72, 75 (Okla. 1984) (citation omitted). Where the language of a statute is clear and unambiguous, and its meaning clear, no occasion occurs for application of construction rules; the statute is accorded the meaning as expressed by the language employed. Okla. JournalPubl'g Co. v. City of Okla. City, 620 P.2d 452, 454
(Okla.Ct.App. 1979) (citation omitted). Section 178.6 of Title 60 generally provides for "financing housing programs" and makes such programs "an authorized and proper public function for public trusts." Id. In addition, however, Section 178.6 conditions a public trust's financing of housing programs to those that involve "only property that is subject to ad valoremtaxation and located within the geographic boundaries of thebeneficiary or beneficiaries of the public trust." Id. While financing housing programs within the geographic boundaries of the beneficiary of a public trust is an authorized function, section 178.6 limits such financing to housing or housing programs involving property subject to ad valorem taxation. The statute is clear and unambiguous on its face and to resort to other rules of construction is not necessary.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
Section 178.6 of Title 60 prohibits public trusts from financinghousing or housing programs involving properties exempt from advalorem taxation pursuant to Section 2887 of Title 68.
W.A. DREW EDMONDSON Attorney General
DOUGLAS F. PRICE Assistant Attorney General